UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HERMON SHELTON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case number 4:06cv1583 TCM |
| DAVE DORMIRE, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

Pending in this 28 U.S.C. § 2254 action is the motion of petitioner, Hermon Shelton, to "withdraw" his petition in order to exhaust his claims in state court and then return to federal court. [Doc. 12]

In his petition, Petitioner raises 15 grounds for habeas relief from his state court conviction on charges of first degree murder, first degree robbery, and armed criminal action. Respondent argues that the claims are either procedurally barred by Petitioner's failure to raise them in the state appellate court or without merit. In his pending motion, Petitioner explains that he wishes to withdraw his petition, which he describes as including unexhausted claims, return to state court and exhaust those claims, and then return to federal court. Respondent does not oppose the motion, but notes that the statute of limitations, 28 U.S.C. § 2244(d), has run since the filing of the petition and cautions Petitioner that he would raise the statute of limitations as a defense if Petitioner did return to federal court after dismissing this action.

Respondent also notes that federal courts may stay a mixed habeas action under **Rhines v. Weber**, 544 U.S. 269 (2005), to allow the petitioner to return to state courts and

exhaust the appropriate remedies if the petitioner had "good cause for [his] failure to exhaust his claims first in state court." **Id.** at 277.  If such cause exists, "the district court should stay, rather than dismiss, the mixed petition." **Id.** at 278.

Petitioner wants to dismiss his petition in order to exhaust unexhausted claims; Respondent argues that there are no such claims.  Petitioner has not responded to this argument and has not otherwise indicated that he understands his § 2254 petition may be time-barred if he refiles it after dismissing it now.  Because Petitioner clearly did not understood the consequences of his dismissing his petition, but retains the right to do so,

**IT IS HEREBY ORDERED** that Petitioner's motion to withdraw his § 2254 petition is **DENIED** without prejudice to his refiling it.  [Doc. 12]  **Petitioner is cautioned that the Court will assume Petitioner understands the consequences of dismissing his petition and will grant a motion to dismiss should he refile it**.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of April, 2007.